UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Gloria Alexander, § § § *Plaintiff,* § § v. § § SCI Shared Resources LLC, d/b/a § Service Corporation International, § § *Defendant.* § | Civil Action No. 4:25-cv-01325 |

## MEMORANDUM AND RECOMMENDATION

Pending is Plaintiff Gloria Alexander's motion under Fed. R. Civ. P. 12(f) to strike Defendant SCI Shared Resources LLC, d/b/a Service Corporation International's ("SCI") affirmative defenses. Dkt. 9. Alexander argues that SCI's affirmative defenses are conclusory, boilerplate, and fail to provide fair notice. *See id.* SCI opposes the motion, arguing that Alexander offers no explanation as to why the defenses fail to provide fair notice and maintains that they are adequately pled. Dkt. 16. After carefully reviewing the motion, the response, Dkt. 16, and applicable law, it is recommended that Alexander's motion be denied.

## Background

Plaintiff Gloria Alexander filed this suit against her employer, SCI, a company headquartered in Houston, TX, that provides funeral goods and services, asserting claims of discrimination and retaliation based on events occurring during her employment. Dkt. 1 at 1. She alleges violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981,[1] Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 ("ADA"), and seeks declaratory and additional relief under 28 U.S.C. §§ 2201 and 2202. *Id.* at 2.

SCI subsequently filed its answer and defenses to Alexander's complaint, asserting twenty-seven affirmative defenses. *See* Dkt. 8 at 11-15 (filed April 14, 2025). Two days later, Alexander moved to strike SCI's affirmative defenses. *See* Dkt. 9 (filed April 16, 2025). SCI timely responded, Dkt. 16, and Alexander failed to reply. The motion is ripe for resolution.

## Legal standard

The Court has "ample discretion" in deciding Rule 12(f) motions to strike. *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979). "Rule 12(f) provides that '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'"

---

[1] Although Alexander includes a reference to 42 U.S.C. § 1983 in her complaint, the statute is cited only once, and no specific allegations or claims are made under its provisions. *Contrast* Dkt. 1 at 2, *with id.* at 15 (only discussing Section 1981).

2

*DynaStudy, Inc. v. Hous. Indep. Sch. Dist.*, 325 F. Supp. 3d 767, 772 (S.D. Tex. 2017) (quoting Fed. R. Civ. P. 12(f)). Relief under Rule 12(f) is considered "a drastic remedy to be resorted to only when required for the purposes of justice," and therefore "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)); *see also Encore Bank, N.A. v. Bank of Am., N.A.*, 918 F. Supp. 2d 633, 642 (S.D. Tex. 2013) ("Motions to strike are usually viewed with disfavor and rarely granted since they seek a drastic remedy and are frequently sought merely to delay.").

## Analysis

I. **Alexander's Rule 12(f) motion is without merit.**

  A. **Affirmative defenses need only satisfy a fair-notice pleading standard.**

Although Alexander contends that SCI's affirmative defenses fail to satisfy Fed. R. Civ. P. 8 and the "fair notice" pleading standard, she further argues that they do not meet the plausibility standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See* Dkt. 9 at 2-3. SCI responds that this Court applies the basic "fair notice" standard to affirmative defenses, rather than *Twombly*'s and *Iqbal*'s requirements. Dkt. 16 at 4. The Court agrees with SCI.

In *Woodfield v. Bowman*, the Fifth Circuit held that the pleading requirements for complaints and affirmative defenses are the same, and that a defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." 193 F.3d 354, 362 (5th Cir. 1999). Years later, *Twombly* and *Iqbal* redefined "fair notice" as it applies to claims brought under Rule 8(a), requiring plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. This sparked debate over whether the heightened plausibility standard under *Twombly* and *Iqbal* should extend to defenses under Rules 8(b) and 8(c), or whether traditional "fair notice" approaches could remain. *See Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 149 (S.D. Miss. 2018).

The Fifth Circuit has not explicitly ruled on this issue,[2] and courts within this Circuit have taken different approaches. *See, e.g., Grace Instrument Indus., LLC v. Chandler Instruments Co., LLC*, 2025 WL 933718, at \*2 & n.2 (S.D. Tex. Mar. 26, 2025) (collecting cases noting the split). Nevertheless, the undersigned is persuaded by authorities concluding that the fair notice pleading standard applies to affirmative defenses. *See, e.g., U.S. ex rel. Parikh*

---

[2] Despite not directly ruling on the issue, even after *Twombly* and *Iqbal*, the Fifth Circuit has continued to apply the fair notice standard in evaluating whether such defenses were waived. *See, e.g., LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014).

4

*v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418-19 (S.D. Tex. 2014); *Floridia v. DLT 3 Girls, Inc.*, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012); *Blount*, 328 F.R.D. at 149-50; *see also, e.g.*, *Grace Instru. Indus.*, 2025 WL 933718, at *2-3.

As a textual matter, the Federal Rules of Civil Procedure prescribe different standards for pleading claims and affirmative defenses. Rule 8(a), which governs claims for relief, requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That language is the genesis of *Twombly*'s plausibility standard, which "reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to '*sho[w] that the pleader is entitled to relief.*'" *Twombly*, 550 U.S. at 557 (emphasis added). But the rule for pleading of defenses does not require a party to show its "entitlement to relief." Instead, Rule 8(b)(1) provides that a party need only "*state* in short and plain terms its defenses to each claim asserted against it," and Rule 8(c)(1) requires a party to "affirmatively *state* any avoidance or affirmative defense." Fed. R. Civ. P. 8(b), (c) (emphasis added); *see also Blount*, 328 F.R.D. at 149 ("Neither Rule 8(b) nor Rule 8(c) requires the pleader to show anything."). That textual distinction signals that *Twombly*'s plausibility standard is inapposite.

Another compelling reason to retain fair notice pleading for affirmative defenses hinges on differences between Rule 12(f) and Rule 12(b)(6). Rule 12(f), which authorizes courts to strike an "insufficient defense," has traditionally

5

been construed as addressing legal insufficiency—not factual plausibility. *See Citizens Med. Ctr.*, 302 F.R.D. at 419 (citing 5C Wright & Miller's Federal Practice & Procedure § 1381 (3d ed. 2004)). As a noted treatise observes, Rule 12(f) motions are "a useful and appropriate tool when the parties disagree only on the legal implications to be drawn from uncontroverted facts"; such motions should be denied if they raise factual issues better resolved on the merits. 5C Wright & Miller, Fed. Prac. & Proc. § 1381. That differs markedly from Rule 12(b)(6), which applies to "failure to state a claim," *see* Fed. R. Civ. P. 12(b)(6), and demands that a complaint contain "sufficient factual matter" to survive dismissal. *Iqbal*, 556 U.S. at 678.

Accordingly, the undersigned concludes that the heightened plausibility standard does not govern the pleading of affirmative defenses.

### B. Alexander's blanket objection is insufficient to justify striking the affirmative defenses.

As for whether SCI's affirmative defenses provide fair notice, Alexander accuses them of being "cursory" and "boilerplate." *See* Dkt. 9 at 8. In response, SCI argues that Alexander has not shown how any of its defenses prejudices her or impairs her ability to develop her case.[3] Dkt. 16 at 6. SCI is correct.

---

[3] SCI also asserts that Alexander failed to serve SCI's counsel a copy of the motion as required by Fed. R. Civ. P. 5(a)(1). *See* Dkt. 28 at 3-4. The Court cautions Alexander that all motions and papers <u>must be properly served</u> on opposing counsel. Future noncompliance may result in denial of relief or other sanctions.

Rule 8(c)'s fair-notice standard is satisfied when the defense is "sufficiently articulated ... so that the plaintiff [is] not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362; *see also Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (noting that a "defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense") (quotation omitted). In some cases, "merely pleading the name of the affirmative defense … may be sufficient." *Woodfield*, 193 F.3d at 362.

Alexander advances only a generalized assertion that all of SCI's twenty-seven affirmative defenses lack factual support. *See* Dkt. 9 at 4. She does not address any defense individually, nor does she explain how each specific defense fails to provide fair notice or causes prejudice. *See id.* at 4-8 (merely listing all 27 defenses and string citing cases with no context). Her blanket objection does not satisfy her burden under Rule 12(f), given that motions to strike are disfavored and rarely granted absent a clear showing of prejudice or legal insufficiency. *See DynaStudy, Inc.*, 325 F. Supp. 3d at 772; *see, e.g.*, *BCOWW Holdings, LLC v. Collins*, 2017 WL 4082686, at *3 (W.D. Tex. Sept. 15, 2017) (denying analogous, generalized challenge that did not explain why any specific defense failed to provide fair notice); *F.T.C. v. Verma Holdings, LLC*, 2013 WL 6047557, at *3 (S.D. Tex. Nov. 14, 2013) (denying a motion to strike where the plaintiff failed to explain why an amended defense failed to provide sufficient notice). Moreover, the defenses on their face include

sufficient information to provide fair notice of their substance. Alexander's motion to strike should be denied.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Gloria Alexander's motion to strike Defendant SCI Shared Resources LLC, d/b/a Service Corporation International's affirmative defenses (Dkt. 9) be **DENIED.**

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on August 1, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge